### Harp, et al. v. Brookshire, et al.

(Decided February 20, 1923.)

#### Appeal from Spencer Circuit Court.

1. Venue—Easements—Action for Obstruction of Passway.—Under
   subsection 4, section 62, Civil Code, providing that an action "for
   an injury to real property" must be brought in the county in
   which the subject of the action, or some part thereof, is situated,
   and subsection 9, section 732, declaring that the words, "real
   property" mean lands, tenements and hereditaments, a passway,
   being an easement and therefore a hereditament, is real property,
   and an action for the obstruction thereof is properly brought in
   the county where the land is located.

2. Judgment—Justification Under Unsuspended Judgment—Effect of
   Reversal.—Where in a suit to be adjudged a passway, and to en-

join its obstruction, a judgment is rendered merely denying the relief prayed for and granting an appeal, defendant could not justify further obstruction of the passway pending the appeal on the ground that the judgment was not suspended, but acted at his peril and was liable in damages in case the judgment was reversed.

3. Appeal and Error—Easements—Obstruction of Passway—Damages —Evidence.—Where plaintiff sued to recover damages for the obstruction of a passway as appurtenant to a 65 acre tract of land, it was prejudicial error to permit the witnesses to include other lands in estimating the damages.

VIRGIL CHAPMAN, TALBOTT & WHITLEY and L. W. ROSS for appellants.

J. W. CRUME, G. B. SCHINDLER and BAIR & SCHINDLER for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Alleging that they owned a 65-acre tract of land in Spencer county, and that across the lands of Ben Harp and wife there was a well-defined passway which was appurtenant to the 65-acre tract, and which they and their vendors had used openly, continuously and as a matter of right for more than thirty years, F. M. Brookshire and Elizabeth Brookshire, his wife, sued the Harps on May 17, 1917, to enjoin the obstruction of the passway and asked for a judgment awarding them the use of the passway. A temporary injunction was granted, but on June 16, 1917, judgment was rendered dissolving the injunction and dismissing the petition. On appeal it was held that the Brookshires were entitled to use the passway as an appurtenance to their land, and the judgment was reversed with directions to sustain the prayer of the petition. Brookshire, et al. v. Harp, et al., 186 Ky. 217, 216 S. W. 379.

Thereafter Brookshire and wife brought this suit against the Harps to recover damages for the obstruction of the passway. From a judgment in favor of plaintiffs for $1,000.00, the Harps appeal.

Though suit was brought in Spencer county, process was served on the Harps in Bourbon county. The Harps first filed a special demurrer challenging the jurisdiction of the court on the ground that the action was purely transitory, and should have been brought in the county where they resided, or in some other county where they

were served with process. The special demurrer was overruled and this is the first error complained of. The Code provides that an action "for an injury to real property" must be brought in the county in which the subject of the action, or some part thereof, is situated. Section 62, subsection 4, Civil Code. It also declares that the words, "real property," mean lands, tenements and hereditaments. Section 732, subsection 9. As a passway is an easement, and an easement is a hereditament, and a hereditament is real estate within the meaning of the Code, it necessarily results that an injury to a passway is an injury to real estate, and an action for damages for the obstruction of a passway is properly brought in the county where the land is located. It follows that the special demurrer was properly overruled.

Another contention is that the court erred in refusing to give an offered instruction telling the jury in substance that plaintiffs could not recover for any obstruction of the passway after June 16, 1917, the date the judgment was rendered dismissing the petition in the action to enjoin the obstruction of the passway. The basis of this contention is that the judgment of the circuit court dissolving the injunction and dismissing the petition as binding on the parties in the absence of appropriate action to have the injunction continued in force pending the appeal, and the acts of appellants in obstructing the passway being authorized by the judgment, were not illegal. It is the rule that one is not liable for the consequences of his acts performed in obedience to a judgment that had not been superseded. The rule was applied in Kaye v. Kean, 18 B. Mon. 839, where it was held that one who was imprisoned for contempt in refusing to obey a mandamus could not recover damages, though the judgment was erroneous and was subsequently reversed. In the case of Bridges v. McAllister, 106 Ky. 791, 51 S. W. 603, 45 L. R. A. 800, it was held that one who filled up a ditch in obedience to an unsuperseded judgment was not liable in damages, even though the judgment was held erroneous on appeal. In the case of Peek's Exor. v. Peek's Exor., 50 S. W. 982, it was held that the distribution of a fund by an executor, in accordance with a judgment which was not superseded, protects the executor, though the judgment was afterwards reversed and the fund adjudged to some one else. Other courts apply the same rule. Thus, Simpson v. Horn-

beck, 3 Lans. 53, holds that an arrest under a body execution upon a judgment subsequently reversed for error will not support an action for false imprisonment, while Chapman v. Dyett, 11 Wend. 31, 25 Am. Dec. 598, Marks v. Townsend, 97 N. Y. 590, Landt v. Hilts, 19 Barb. 283, and Hall v. Munger, 5 Lans. 100, hold that an arrest under an erroneous order subsequently set aside by the court granting it will not support an action for false imprisonment. In these cases and others supporting the rule, the judgments either directed or expressly authorized the doing of the thing complained of. In the case at bar the judgment did not direct or expressly authorize anything to be done. It merely denied relief and granted an appeal, and we are not disposed to hold that the defendant in such an action could justify further obstruction of the passway on the theory that the judgment, though subsequently reversed, on the ground that plaintiff was entitled to a passway and its obstruction by defendant was unlawful, was not suspended pending the appeal. If the contention were sound, then, for a like reason, a defendant in an action to enjoin trespass, in the event of an unsuspended judgment in his favor, could go ahead and cut all the timber from plaintiff's farm without incurring any liability, notwithstanding the fact that the judgment was subsequently reversed on the ground that he was a trespasser *ab initio*. Hence, it seems to us that appellant did not act in obedience to the judgment within the meaning of the rule, but acted at his peril in case the judgment was reversed, and the judgment having been reversed, he was liable for the obstruction of the passway during the appeal.

In the original action the Brookshires were adjudged the passway as an appurtenance to a 65 acre tract of land. In this action they sued to recover damages to that land for the obstruction of the passway. They owned other lands adjoining the 65 acre tract. In estimating the damages, witnesses were permitted to include the other lands, and as the jury fixed the damages at the large sum of $1,000.00, it cannot be doubted that the admission of this evidence was prejudicial error.

Judgment reversed and cause remanded for a new trial consistent with this opinion.