THE CENTURY INDEMNITY COMPANY *vs.* GEORGE M. KOFSKY ET ALS.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued April 7th—decided June 21st, 1932.

*Frank P. Kumpitch* and *James E. Cannon,* with whom, on the brief, was *John A. Markham,* for the defendants Dorathy and Trainor.

*Cyril Coleman,* with whom was *Edward S. Dragat,* for the defendant Kofsky.

MALTBIE, C. J.  The plaintiff issued a policy of liability insurance to Clifford Deloy which fixed $5000 as

the maximum sum payable for loss of or damage to the property of others, $5000 as the maximum sum payable for injuries to or loss of life of one person, and $10,000 as the maximum sum payable for injuries to or loss of life of more than one person in any one accident. An automobile driven by Deloy collided with one driven by the defendant Kofsky. Thereafter four separate actions were brought against Deloy seeking the recovery of damages for injuries or loss suffered in the accident and were prosecuted to judgment as follows: One was brought by the defendant Kofsky by a writ dated August 14th, 1931, and served August 18th, and judgment therein was secured on November 24th for $8886.38, of which $2200 represented property loss; one was brought by the defendant Kofsky as executor of the estate of Katherine Kofsky by writ dated August 14th, 1931, and served August 18th, and judgment therein was secured on November 24th, for $5000, representing damages for the death of the decedent; one was brought by the defendant Anna Dorathy by writ dated August 14th and served August 17th, 1931, and judgment therein was secured on December 15th for $15,000 for personal injuries suffered by the plaintiff; and one was brought by the defendant Winifred C. Trainor by writ dated August 14th, 1931, and served August 17th, and judgment therein was secured on December 15th for $4500 for personal injuries suffered by the plaintiff. Each of the defendants has made demand upon the plaintiff for the payment of the judgment secured against Deloy. The defendant Kofsky brought actions, one in his individual right and one as executor, against Deloy upon the judgments recovered by him and garnisheed the plaintiff as Deloy's debtor, and later he brought other actions in like capacities directly against the plaintiff. The plaintiff has paid the $2200 found due to Kofsky for prop-

erty damage but has made no other payments upon the judgment. It brought this action of interpleader against the defendants that their rights may be adjudicated. The case has been reserved for our advice and we are asked as to each of the defendants whether he or she is entitled to share in the proceeds of the insurance policy issued by the plaintiff and if so what is his or her share.

The case has been argued upon the basis of the right against an insurer of persons suffering injury by the wrongful conduct of an insured under the provisions of § 4231 of the General Statutes quoted in the footnote. The policy issued to Deloy contained a provision that, in case a judgment should be secured against the insured by an injured person or, if death resulted, by his personal representative, the injured person or such representative might bring an action against the

"Sec. 4231. LIABILITY OF INSURER UNDER ACCIDENT OR HEALTH POLICY. Each insurance company which shall issue a policy to any person, firm or corporation, insuring against loss or damage on account of the bodily injury or death by accident of any person, or damage to the property of any person, for which loss or damage such person, firm or corporation is legally responsible, shall, whenever a loss shall occur under such policy, become absolutely liable, and the payment of such loss shall not depend upon the satisfaction by the assured of a final judgment against him for loss, damage or death occasioned by such casualty. No such contract of insurance shall be canceled or annulled by any agreement between the insurance company and the assured after the assured shall have become responsible for such loss or damage, and any such cancellation or annulment shall be void. Upon the recovery of a final judgment against any person, firm or corporation by any person, including administrators or executors, for loss or damage on account of bodily injury or death or damage to property, if the defendant in such action was insured against such loss or damage at the time when the right of action arose and if such judgment shall not be satisfied within thirty days after the date when it was rendered, such judgment creditor shall be subrogated to all the rights of the defendant and shall have a right of action against the insurer to the same extent that the defendant in such action could have enforced his claim against such insurer had such defendant paid such judgment."

insurer to recover upon the policy the amount of the judgment not exceeding the amount of the policy "provided, however, that where two or more persons are injured in an accident, the company may settle and pay any claim asserted, whether reduced to judgment or not, and such payments shall be accounted in diminution of the company's total liability on account of such accident, and payments so made aggregating the full amount of the policy shall extinguish all liability thereunder to said claimants and all other persons on account of such accident." In the view we take of the case, it is not necessary to determine the effect or validity of this provision of the policy or attempt to reconcile it with the statute. Under the statute, if the judgment against the insured is not satisfied within thirty days after it is rendered, the judgment creditor is subrogated to all the rights of the insured against the insurer and has a right of action against it to the same extent the insured would have; that is, the judgment creditor, when that situation arises, becomes the creditor of the insurer and, like an ordinary creditor, may bring an action against it, at least to the extent that the insured might. So under the terms of the policy the judgment creditor becomes a creditor of the insurer and may, like other creditors, bring an action against it. But neither the statute nor the policy creates any lien upon the amount payable under it in favor of any person recovering a judgment against an insured. Under both, the rights of the injured person are to be determined upon the basis that they stand as creditors of the insurer, not as lienors or persons having direct interest in any specific fund due under the policy. It is true that Kofsky, individually and as executor, brought actions against Deloy upon the judgments he had secured and garnisheed the plaintiff as Deloy's debtor under the policy.

That action has, so far as the stipulation shows, not gone to judgment, and until it has and demand upon execution has been made, Kofsky, either individually or as executor, has no claim to any payment by the plaintiff under the garnishment; General Statutes, § 5814; *Quinlan* v. *City National Bank,* 105 Conn. 424, 135 Atl. 435; the service of a writ of garnishment does not "operate as a physical attachment of any property belonging to the defendant described in the writ, but as notice to the garnishee to retain in its hands any effects belonging to the defendant or any indebtedness due the defendant." *Hawthorne Sash & Door Co.* v. *New London,* 99 Conn. 672, 675, 122 Atl. 658. Had Kofsky, individually and as executor, sought in this action to secure the sequestration of the amounts that might be found due to him in the action in which the garnishment was made, until he could exercise any rights he might have by reason of it, different questions would be presented. But his claim on the trial was for the immediate payment to him of the amounts of the judgments he had secured, within the limits of the plaintiff's obligations under the policy, and this claim is not helped by his pending garnishment proceedings. That claim is a waiver of any right he might have acquired by prosecuting the garnishment proceedings to effect.

The defendant Kofsky, individually and as executor, claims priority of payment because he was the first to secure judgments against Deloy; the other defendants claim priority because they were first to begin actions against him. The exigencies of this case do not require that we deal at large with the various situations which might be presented where several parties suffer injuries by reason of a single accident and the total amount recovered against the insured exceeds the limits of the obligation of the insurer. Such a con-

tingency seems not to have been contemplated when the statute in question was enacted and it is a matter which might well have the attention of the legislature, as it has in New York, for instance, in a particular class of cases. *Bleimeyer* v. *Public Service Mut. Cas. Ins. Corp.,* 250 N. Y. 264, 165 N. E. 286. We would, in the absence of strong considerations to support such a ruling, be reluctant to apply legal principles which would recognize any priority between the judgment creditors. Where several creditors are restricted for satisfaction of their claims to a single fund inadequate to pay all, the general rule adopted is that of equality. Examples are claims against insolvent estates of deceased persons and against insolvent debtors, claims in receivership, and rights of subcontractors under the mechanic's lien law. General Statutes, § 5108. Particularly would we be reluctant to recognize either of the claims of priority advanced in this case. A rule of priority dependent upon the time when actions are begun against the insured would be likely to lead to a race to begin such actions, with an added burden of litigation to parties and the courts, and a tendency to prevent or render more difficult the settlement of claims. A rule of priority made dependent upon the time when judgments were rendered against the insured would often make controlling the adventitious circumstances attending litigation, often beyond the control or responsibility of the parties. However, the solution of the particular problem before us may proceed upon narrower grounds than have been suggested in argument.

An action of interpleader was recognized as a proceeding in equity in this State before the enactment of the statute as to interpleader, now § 5911 of the General Statutes, and the action is still governed by equitable principles. *Meriden Savings Bank* v. *McCormack,*

79 Conn. 260, 263, 64 Atl. 338. Indeed, the statute itself authorizes the bringing of a "complaint in equity" and restricts the proceedings to courts having equitable jurisdiction. While equity may not seize upon a controversy merely to apply the maxim that equality is equity, when it does have before it a proper proceeding in equity, it is free to apply that maxim. "Under the limitation last stated, that the subject-matter properly belongs to the equitable jurisdiction, the following general principle may be regarded as firmly established and of wide application: Whenever several persons are all entitled to participate in a common fund, or are all creditors of a common debtor, equity will award a distribution of the fund, or a satisfaction of the claims, in accordance with the maxim, equality is equity; in other words, if the fund is not sufficient to discharge all claims upon it in full, or if the debtor is insolvent, equity will incline to regard all the demands as standing upon equal footing, and will decree a pro rata distribution or payment." 1 Pomeroy's Equity Jurisprudence (4th Ed.) § 407. The plaintiff has submitted to the court in a proceeding in equity the question of its liability to pay to the various defendants the amounts due under the policy; justice requires that they share in equal proportions in the sums due under it on account of the particular kind of injuries suffered; and in the circumstances of this case that result can be accomplished without violating any legal principle.

We therefore answer the questions propounded as follows: Each of the defendants is entitled to receive his or her pro rata share in the payments due under the policy applicable to the particular injury or loss for which judgment was recovered.

In this opinion the other judges concurred.