## UNDERWRITERS FOR LLOYDS OF LONDON et al. v. JONES.

Court of Appeals of Kentucky.

Oct. 23, 1953.

Craft & Stanfill, Hazard, for appellants.

Napier & Napier, Hazard, for appellee.

MILLIKEN, Justice.

The principal questions for decision are whether a taxicab indemnity insurance policy issued pursuant to KRS 281.460 limits the liability of the insurer to: (1) $5,000 for any *one accident* or (2) $5,000 to *each person* injured or killed in any one accident. We also must decide how the proceeds of insurance are to be distributed.

In 1949 a taxicab owned and operated by the assured, Jerry M. Smith, was involved in an accident in which one person was killed and three others injured. Thereafter four suits were filed against the assured in the Perry Circuit Court. The first case tried was that of Lavodice Jones who recovered a judgment for $20,000. An execution issued on the judgment was returned "No property found." Subsequently Jones filed an amended and supplemental petition making the insurers defendants, and they filed an answer as garnishee and maintained that the maximum liability under the policy was $5,000 to all parties who were killed or injured in the accident. They also pleaded that the $5,000 should be held by the court until all the cases against the assured had been tried and that therefore there should be a pro rata distribution among the judgment creditors. Pursuant to a court order, the $5,000 was paid into court and the chancellor directed that it be applied as a credit upon the Jones judgment. The chancellor also construed KRS 281.460, the policy, the state endorsement and the schedule and held that it was the intent of the Legislature to fix a limit of liability for death or injury to *each person* injured in one accident and not to limit the liability of the insurer for each accident.

The applicable portions of the statute, policy, endorsement and schedule are as follows:

The statute:

"(1) Before any authorization for the operation of a taxicab or city bus is granted by the division under KRS 281.450, the applicant shall file with the director a good and sufficient bond with adequate corporate surety, payable to

the Commonwealth, binding the obligor to pay any final judgment rendered against him arising out of the death of or injury to any passenger, or loss of or damage to property while in transit, or death of or injury to other persons or damage to their property, or any act or omission connected with the operation of motor vehicles by the applicant. *The bond shall be in the penal sum of five thousand dollars for each motor vehicle operated, for death of or injury to persons, and in the further sum of one thousand dollars for each motor vehicle operated, for damage to property.*

"(2) In lieu of the bond, the director may accept a policy of insurance, or other written contract deemed by the director to be adequate, issued by any insurance company or insurance carrier authorized to do business in this state, by which the insurance company or insurance carrier shall assume the liability prescribed by subsection (1) of this section."

The policy:

"Limit of Liability for Personal Injury: The Underwriters' limit of liability to one or all Assured, for loss as defined in Clause A on account of bodily injuries to and death of one person, including damages allowed for loss of service and expense, shall be $5,000.00, and subject to the same limit on each person, *the Underwriters' total limit of liability for loss on account of any one accident or disaster resulting in bodily injuries and death, including damage allowed for loss of service and expense, to more than one person shall be $5,-000.00."*

The endorsement:

"In consideration of the premium stipulated in the policy to which this endorsement is attached, the insurer agrees to pay any final judgment which may be rendered against the insured holding such certificate, permit or license for personal injury to any person, and for the damage to any property due to the negligence of the insured, his or its agents, servants or employees in the operation or use of any motor vehicle listed in the original application of the insured or any additional substituted or emergency vehicle operated under such certificate, permit or license of the Division of Motor Transportation, *within the limits of the schedule contained in this endorsement, * *."*

The schedule:

"The insurer shall be liable to each person suffering damages as the result of the negligence of the insured, his or its agents, servants, employees or representatives in the use or operation of each such motor vehicle to the extent of the damages sustained, not to exceed, however, the amount set forth in the following schedules:

"Taxi-Cab and City Busses. For each taxicab or city bus, $5,000.00 per vehicle for personal injury, whether applied to one or more persons." (Emphasis ours.)

It is to be noted that the statue provides for a bond in the penal sum of $5,000 for death or injury to *persons,* or in lieu thereof a policy of insurance. It would, therefore, appear clear that under the statute the maximum liability of a surety or insurance company is the same, i.e., $5,000 for any one accident for personal injuries. The policy, endorsement and schedule also clearly limit the insurer's liability to $5,000 for any one accident.

If we were to accept the construction advocated by the appellee, there would be no set limit of liability on the policy—the total potential liability would be in direct proportion to the number of passengers crowded into the taxicab. Furthermore, the provision stipulating "a continuing indemnity the amount of which shall not be reduced as to any succeeding claim by any payment of any claim or any judgment or by any previous accident" does not mean unlimited liability for any one accident. It

is not an artesian well of indemnification, but merely an assurance that the policy will not lapse in case the amount of the policy is paid out in one accident.

The judgment of the trial court is reversed with directions that the $5,000 paid into court by the insurers be distributed on a pro rata basis after all four cases have reached final judgment. 46 C.J.S., Insurance, § 1191(9), page 126, and Century Indemnity Company v. Kofsky, 115 Conn. 193, 161 A. 101. In passing, it should be noted that KRS 281.460 was repealed by the 1950 Legislature and KRS 281.655 enacted in lieu thereof.

Judgment reversed.