Thelma WILLIAMS' ADM'X (Bertelle Deaton), Appellant,

v.

LLOYDS OF LONDON et al., Appellees.

Court of Appeals of Kentucky.

June 17, 1955.

Don A. Ward, Hazard, for appellant.

J. W. Craft, Jr., J. W. Craft, Craft & Stanfill; C. W. Napier, Jr., C. W. Napier, Napier & Napier, Hazard, for appellees.

PER CURIAM.

This is a motion for an appeal from a judgment of the Perry Circuit Court, Courtney C. Wells, Judge, dismissing plaintiff's complaint, which sought pro rata satisfaction of a judgment against defendant's insurance carrier.

In short, four plaintiffs recovered judgments against defendant, Jerry M. Smith, in varying amounts, due to his negligent operation of a taxicab. Smith had no property to satisfy these judgments and his insurance carrier, Lloyds of London, was brought into the case. The insurer claimed its total liability was only $5,000 and paid that amount into court. The trial judge ordered this amount paid to Lavodice Jones, one of the plaintiffs, in satisfaction of his judgment, and further adjudged defendant's insurer was liable to each plaintiff in the amount of $5,000. The insurance carrier appealed from this judgment but did not supersede it. This court reversed that judgment and construed the insurance carrier's total liability to be only $5,000. Underwriters for Lloyds of London v. Jones, Ky., 261 S.W.2d 686.

Plaintiff, Bertelle Deaton, administratrix, then moved the trial court to order the insurance carrier to pay her $1,133.78 and interest, which represented her pro rata share of the $5,000, the insurance carrier had paid into court. When the trial judge dismissed her complaint against the insurance carrier, she moved this court for an appeal.

At the outset of this case in the lower court the administratrix sought by her intervening petition to have the $5,000 paid into court. The insurer paid this amount into court in conformity to an order of the trial court. We have held that a judgment, though afterwards reversed, is sufficient justification for all acts performed in obedience to it prior to reversal. Harp v. Brookshire, 197 Ky. 794, 248 S.W. 177; Bridges v. McAlister, 106 Ky. 791, 51 S.W. 603, 45 L.R.A. 800. Therefore, the insurer was not in error in paying the money into court and is not now accountable to the administratrix. Especially is this true where the money was paid into court on motion of the administratrix.

The motion for an appeal is overruled and the judgment is affirmed.