Thomas Ellis BURCHFIELD, a minor, by his father and next friend, H. A. Burchfield; and Harold Harris, a minor, by his father and next friend, John Harris, Appellants.

v.

Walter BEVANS, Bardie L. Witham, Bobby Powers, Granville Powers and James Wood; and Employers Liability Assurance Corporation, Ltd., a corporation, Appellees.

No. 5483.

United States Court of Appeals Tenth Circuit.

Feb. 7, 1957.

Rehearing Denied March 4, 1957.

John Barksdale, Okmulgee, Okl. (Steele & Boatman and Rainey & Barksdale, Okmulgee, Okl., were with him on the brief), for appellants.

K. D. Bailey, Okmulgee, Okl. (Bailey & Pitchford, Okmulgee, Okl., were with him on the brief), for appellees.

Before HUXMAN, PICKETT and LEWIS, Circuit Judges.

HUXMAN, Circuit Judge.

This appeal involves the rights of separate judgment creditors of Charles Alonzo Johnson in the amount due from the Employers Liability Assurance Corporation by virtue of a liability policy it had issued to him on his automobile. The policy limited liability to $5,000 to any one person and to a total of $10,000 resulting from one accident. An accident occurred while Johnson was operating the insured car resulting in death to some and injury to a number of other persons. The injured persons and the personal representatives of those entitled to recover because of the death of some, all instituted separate actions against Johnson. In all, ten actions were filed. In seven the plaintiffs obtained judgment against Johnson. Three others are still pending. The total of all these judgments greatly exceeds the maximum liability of the Company under its policy. Johnson apparently was insolvent so the only recovery by the judgment creditors will be limited to the amount due from the Insurance Company under its policy of insurance.

All seven judgments were rendered by the Court on the same day, March 5, 1956. The judgments rendered were as follows:

| | |
|---|---|
| Harold Harris | $ 5,000.00 |
| Thomas Ellis Burchfield | 7,500.00 |
| Walter Bevans | 9,500.00 |
| Bardie L. Witham | 5,794.14 |
| James Wood | 2,835.00 |
| Bobby Powers | 5,000.00 |
| Granville Powers | 30,000.00 |

The judgment for Harold Harris was first entered in time. It was followed by the judgment of Thomas Ellis Burchfield. The order of entry of the remaining judgment becomes immaterial as will appear from a consideration of the legal questions presented.

Thereafter the Insurance Company instituted this interpleader action against all the judgment creditors, those who had suits pending and some claimants who had not yet filed suit. In its complaint it alleged that all these persons were asserting claims against the Company; that the total liability of the Company under its policy was limited to $10,000 for personal injury; and that there was also a liability for $1,100 for property damage. It tendered and paid into Court $11,100 and asked that the Court adjudicate and determine the rights of all of the defendants to the fund and prayed further for a declaratory judgment that it was under no further duty to defend any pending actions or to defend actions against claimants who had not yet instituted suits.

The Court entered a declaratory judgment declaring that the Company was under a continuing duty to defend pending suits; that those defendants who had not reduced their claims to judgment had no right of participation in the fund; and that the defendants whose claims had been reduced to judgment were entitled to participate in the distribution of the fund of $10,000 on an equitable basis, according to a percentage formula applied by the Court.

The only challenge to the judgment of the Court is by appellants Harris and Burchfield. Harris and Burchfield claim priority in right to the satisfaction of their judgments out of the $10,000 fund. Harris asserts that since his judgment is first in point of time he is entitled to full payment of his judgment. Burchfield is in agreement with the principle asserted by Harris and accordingly asserts that since his judgment is second in point of time he is entitled to have the total balance of $5,000 applied to his judgment. The acceptance of these contentions would leave nothing for the remaining creditors.

An action of interpleader is equitable in nature [1] and is controlled by equitable principles. Of course, equity will follow the law and if by Oklahoma law these judgments when entered created a lien which attached to the fund due under the policy the judgment creditors were entitled to have their judgment enforced in order of their priority. Whether Harris by the entry of his judgment acquired a first lien either by law or equity must be determined by the law of Oklahoma.

We think appellees' contention that under Oklahoma law a docketed judgment attaches as a lien only to the real estate of the judgment debtor is well taken. Title 12, § 706 of the Oklahoma Statutes Annotated provides that "Judgments of courts of record of this State, except County Courts, and of the United States rendered within this State, shall be liens on the real estate of the judgment debtor within the county in which the judgment is rendered from and after the time such judgment is entered on the judgment docket * * *." That a judgment does not attach as a lien to personal property or choses in action in Oklahoma is established by the case of First National Bank of Healdton v. Dunlap, 122 Okl. 288, 254 P. 729, 52 A.L.R. 126, where the Oklahoma Court said: "Interest of lessee under oil and gas lease is not 'real estate' on which judgment creditor has a lien * * *." [2] The conclusion that a judgment does not attach as a lien to property other than real estate is fortified by Title 12, § 737, Oklahoma Statutes Annotated. [3] Under this Section the proceeds of executions issued on the same day which are insufficient to satisfy several judgments are pro rated and distributed equally to the several creditors. This could not be done if a judgment prior in time attaches as a lien to personal property which was subsequently sold on execution.

It is also significant that under Oklahoma law an insurance company is not a party defendant to such actions as are involved in this case. The appellee Insurance Company was not a party to these actions brought against Johnson. No judgment was entered against it. No causes of action could be stated against it until a judgment had first been obtained against the insured. Only then could the appellants file suit against the Company and obtain judgments against it. It is axiomatic that a personal judgment against a defendant can operate only against him and can give the plaintiff a lien only against his property as provided for by law. Obviously a judgment against Johnson could not operate as a lien against property of the Insurance Company.

We accordingly conclude that appellants had no legal lien or prior legal claim to the funds in question under the laws of Oklahoma. In fact, appellants do not rest their case on a legal lien prior in time to these funds. In effect, they

1. State of Texas v. State of Florida, 1938, 306 U.S. 398, 406–407, 59 S.Ct. 830, 83 L.Ed. 817; Holcomb v. Aetna Life Insurance Company, 10 Cir., 1955, 228 F.2d 75, 81–82, certiorari denied 350 U.S. 986, 76 S.Ct. 473, 10 L.Ed. 853; Standard Surety & Casualty Co. of New York v. Baker, 8 Cir., 1939, 105 F.2d 578, 580.

2. For other cases holding that no judgment lien attaches to personal property see Von Segerlund v. Dysart, 9 Cir., 1943, 137 F.2d 755, 757; Moore v. Jones, 1946, 226 N.C. 149, 36 S.E.2d 920, 921, 922.

3. Title 12, § 737 provides "When two or more writs of execution against the same debtor shall be sued out during the term in which judgment was rendered, or within ten days thereafter, and when two or more writs of execution against the same debtor shall be delivered to the officer on the same day, no preference shall be given to either of such writs; but if a sufficient sum of money be not made to satisfy all such executions, the amount made shall be distributed to the several creditors in proportion to the amount of their respective demands. In all other cases, the writ of execution first delivered to the officer shall be first satisfied. And it shall be the duty of the officer to endorse on every writ of execution the time when he received the same; but nothing herein contained shall be so construed as to affect any preferable lien, which one or more of the judgments, on which execution issued, may have on the lands of the judgment debtor."

242

contend that they have priority by virtue of an equitable lien. In their brief they state that "All elements of the claim of appellants is likened in several respects to the claimant of an equitable lien." The question then is, what is equitable and fair where a fund in which a number of creditors have an interest has been paid into Court for distribution, when none of the claimants have a lien thereon or prior right in the distribution thereof as a matter of law. For all practical purposes these seven cases were decided at the same time. The cases were taken up in rotation. As soon as one was decided the next case was called up and disposed of and so on, until all were concluded. Does equity and fairness under these circumstances require that Harris be permitted to take the first grab out of the common grab bag, when later the common fund is paid into Court, to the detriment of all other common judgment creditors, merely because by fortuitous circumstances his case was first called up for entry of judgment and judgment was entered for him at most a few seconds or a few minutes before the next judgment could be entered. We think not. We are in agreement with the statement of the Connecticut Court in Century Indemnity Company v. Kofsky, 115 Conn. 193, 161 A. 101, 103, that

" 'Whenever several persons are all entitled to participate in a common fund, or are all creditors of a common debtor, equity will award a distribution of the fund, or a satisfaction of the claims, in accordance with the maxim, Equality is equity; in other words, if the fund is not sufficient to discharge all claims upon it in full, or if the debtor is insolvent, equity will incline to regard all the demands as standing upon equal footing and will decree a pro rata distribution or payment.' " [4]

There is a line of cases relied upon by appellants which is not in complete harmony with this pronouncement. The original and principal case cited in most

4. To the same effect see Underwriters for Lloyds of London v. Jones, Ky., 261 S.W. 2d 686.

subsequent cases is Turk v. Goldberg, 91 N.J.Eq. 283, 109 A. 732. No attempt will be made to list all these cases or analyze them in detail. Most of them are distinguishable from the case before us on the facts. None of them are interpleader cases. Some, such as Summers Hardware Company v. Jones, 222 N.C., 530, 23 S.E.2d 883, involved only real estate and the question was with respect to priority of judgment liens. Many of them involved constructions of local state law. In most of them the court stated, without going into detail, that the judgment gave the judgment creditor a lien on the fund due under the insurance policy. Some of them involved the right of the Company to make settlement before judgment with one claimant which, of course, would result in detriment to other claimants. Others were cases in which one judgment creditor had instituted an action against the insurance company.

There has been filed with us a photostatic copy of the unreported case of Massachusetts Bonding and Insurance Company v. Henderson, No. 11,531, April 6, 1936, tried in the United States District Court for the Eastern Division of the Eastern Judicial District of Missouri. This was an interpleader action in which the insurance company paid the amount of its liability into court, joined all the judgment creditors of its insured as parties defendant, and asked the court to distribute the fund among them. The trial court decreed that the judgments be paid in full according to the time of their entry. The reasoning of the court is somewhat difficult to understand. In its comments in the nature of an opinion the court states that the " * * * judgments should be satisfied in the order in which the liens thereof were established." It is, of course, true as stated by the court that "Equity enforces this legal rule." In its conclusion of law the court concludes that "The equities of the defendants are equal." If the equities of the defendants are equal, then the court's previous statement that the judgments should be satisfied in the order in

which the liens thereof are established would seem to have no bearing on how the fund should be distributed. In its second conclusion of law, the court concludes that "The claims being similar, and the equities being equal, the demands of the defendants should be satisfied in the order in point of time in which they were established." We are not in accord with this statement. The equities could be equal only if no judgment creditor had a prior lien to the fund.

■ All that these seven judgment creditors had was a common judgment against the insured. That gave them the right to sue the Insurance Company and have a judgment against it. If the judgment creditor, last in point of time of entry of his judgment had filed the first suit against the Insurance Company, as he could have done, and have obtained a prior judgment against it, he would no doubt be entitled to collect his judgment without regard to the other common creditors who had not instituted suit against the Insurance Company. Before any suit was filed against it by any of the common judgment creditors, the Insurance Company paid the amount of its liability to them into Court and asked the Court to distribute it fairly and equitably. This in our opinion the Court did, and the judgment is accordingly

Affirmed.

On Petition for Rehearing.

■ Appellants in their petition for rehearing call our attention to the fact that Harris' judgment was obtained February 23, 1956, rather than on March 5, 1956, as stated in the opinion. Unfortunately, we overlooked the fact that the judgment was rendered on February 23, 1956. The Court's findings, however, make it clear that the journal entry of judgment was filed on March 5, 1956, the same day on which the other judgments were entered. In our opinion the applicable principles of law are the same whether we consider Harris' judgment as of the date on which it was entered or on the date on which the journal entry of judgment was filed. The fact remains that he had no lien by virtue of his judgment at the time the interpleader action was filed and the money paid into court and that, therefore, he had no greater equity or right to this fund than the remaining judgment creditors. The petition for rehearing is denied.