[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS #113
On April 26, 2001, the plaintiff, John Hunter, filed a two count complaint against the defendants, Robert Olschelski (Olschelski) and "GEICO Direct" (GEICO).[1] Count one alleges that Olschelski negligently moved or backed his car into the plaintiff's car, resulting in injuries to the plaintiff. Count two alleges that GEICO breached its duty of good faith and fair dealing to the plaintiff concerning the plaintiff's claims against Olschelski's policy. Specifically, the plaintiff alleges that GEICO failed to negotiate in good faith with the plaintiff, and failed to fully and fairly investigate the plaintiff's claim. The plaintiff also alleges that this breach constituted reckless indifference to the plaintiff, was wanton and malicious, and was in violation of the Connecticut Unfair Insurance Practice Act, General Statutes § 38a-816 (6).[2]
On July 3, 2001, GEICO filed a motion to dismiss count two of the complaint on the ground that the court lacks subject matter jurisdiction to hear the case. The motion is supported by a memorandum of law. On August 20, 2001, the plaintiff filed a memorandum in opposition to GEICO's motion to dismiss.
"A motion to dismiss may be used to assert . . . lack of jurisdiction over the subject matter. . . ." Practice Book § 10-31. "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer,218 Conn. 531, 544, 590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624, 461 A.2d 991 (1983).
Count two of the complaint alleges that GEICO has breached its duty of good faith and fair dealing to the plaintiff concerning the plaintiff's claims against the insured's policy. GEICO moves the court to dismiss this count on the ground that the court lacks subject matter jurisdiction. Specifically, GEICO argues that the plaintiff has no standing to bring the suit because he is neither a party to, nor a third party beneficiary of, the insurance policy issued to the alleged tortfeasor, Olschelski. Additionally, GEICO argues that the plaintiff has misconstrued the identity of the defendant.[3]
In opposition to GEICO's motion to dismiss, the plaintiff argues that he has standing to bring the claim as a third party beneficiary because (1) GEICO is obligated to make a good faith effort when negotiating with injured plaintiffs, (2) Olschelski was the direct cause of the plaintiff's injuries, and (3) General Statutes § 38a-321 mandates that CT Page 3400 each insurance company that issues a policy to any person is legally responsible and absolutely liable whenever a loss occurs under the policy.
Standing implicates a court's subject matter jurisdiction. StamfordHospital v. Vega, 236 Conn. 646, 656, 674 A.2d 821 (1996). "Where a plaintiff lacks standing to sue, the court is without subject matter jurisdiction." (Internal quotation marks omitted.) Steeneck v. Universityof Bridgeport, 235 Conn. 572, 579, 668 A.2d 688 (1995). "Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy. (Internal quotation marks omitted.) Williams v. Commissionon Human Rights Opportunities, 257 Conn. 258, 264-65, ___ A.2d ___
(2001). "Standing focuses on whether a party is the proper party to request adjudication of the issues. . . ." Nye v. Marcus, 198 Conn. 138,141, 502 A.2d 869 (1985).
"[T]he implied covenant of good faith and fair dealing has been applied by this court in a variety of contractual relationships, including . . . insurance contracts. . . ." Verrastro v. Middlesex Ins. Co., 207 Conn. 179,190, 540 A.2d 693 (1988). "The concept of good faith and fair dealing is essentially . . . a rule of construction designed to fulfill the reasonable expectations of the contracting parties as they presumably intended." (Internal quotation marks omitted.) Id.
The plaintiff does not dispute the fact that he is not a party to the insurance policy between GEICO and Olschelski, but asserts that he is a third party beneficiary of the policy. "[T]he ultimate test to be applied [in determining whether a person has a right of action as a third party beneficiary] is whether the intent of the parties to the contract was that the promisor should assume a direct obligation to the third party [beneficiary] and . . . that intent is to be determined from the terms of the contract read in the light of the circumstances attending its making, including the motives and purposes of the parties. . . ." (Brackets in original.) Gazo v. Stamford, 255 Conn. 245, 261, 765 A.2d 505
(2001). The plaintiff, however, has not alleged any facts to support his assertion that he is a third party beneficiary under the policy. Instead, he relies on Gruenberg v. Aetna Ins. Co., 9 Cal.3d 566 (1973), cited with approval in Grand Sheet Metal Products Co. v. ProtectionMutual Ins. Co., 34 Conn. Sup. 46, 375 A.2d 428 (1977), to support his claim that GEICO has a duty to deal with him in good faith.[4]
The plaintiff's reliance on Gruenberg is misplaced. The holding ofGruenberg imposes the duty of good faith and fair dealing on an insurer CT Page 3401 only with reference to its insured. The duty, arising out of the contractual relationship between the insurer and the insured, "[attends] to the claims of third persons against the insured or the claims of the insured itself" Id. The court does not hold that the duty of the insurer extends to a third person who is not a party to the policy between the insurer and the insured. Because the plaintiff has not alleged any fact to show the existence of a contractual relationship between him and GEICO in the form of an automobile insurance policy between the parties, he has failed to show that GEICO owed him a duty to deal with him in good faith and fairly, pursuant to provisions of the policy. Because there is no showing of a duty, there is no breach of the duty as a matter of law.
The plaintiff also argues that he has statutory standing to sue GEICO because under § 38a-321, each insurance company that issues a policy to any person is legally responsible and absolutely liable whenever a loss occurs under the policy.[5] He argues that GEICO is automatically responsible to the plaintiff for all direct and indirect injuries arising out of the motor vehicle collision. In response, GEICO argues that §38a-321 does not allow an insurer to indemnify the insured under the insurance policy before a non-insured third party claimant has proved his or her case against the insured and obtained a judgment against the insured.
"Under § 38a-321, the plaintiff is required to obtain a judgment against [the tortfeasor] before seeking recovery against [his insurance carrier.]" Lightowler v. Continental Ins. Co., 255 Conn. 639, 646 n. 15, ___ A.2d ___ (2001); see also Century Indemnity Co. v. Kofsky,115 Conn. 193, 197-98, 161 A.2d 101 (1932). Thus, in this case, a judgment against Olschelski is a prerequisite to recovering against [his] insurer." Lightowler v. Continental Ins. Co., supra, 255 Conn. 645-46.[6]
Because there is no showing that the plaintiff has obtained a final judgment against Olschelski over count one of the complaint, the plaintiff fails to show that he has a cause of action against GEICO under § 38a-321.
Accordingly, the defendant's motion to dismiss as to count two as against Geico of the complaint is granted as the court lacks subject matter jurisdiction with respect to said count.
BY THE COURT
Skolnick, J.