E. E. COUCH, Plaintiff in Error,

v.

INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, a voluntary association, Defendant in Error.

No. 37041.

Supreme Court of Oklahoma.
July 31, 1956.

Rehearing Denied Oct. 9, 1956.

**118**

Johnson, Gordon, Cook & Cotter, Everett E. Cotter, Oklahoma City, for plaintiff in error, E. E. Couch.

Mullinax & Wells, by Houston Clinton, Jr., Dallas, Tex., for defendant in error.

**PER CURIAM.**

This is an appeal by E. E. Couch, plaintiff in error, hereinafter referred to as the plaintiff, from an order of the trial court sustaining a motion to quash the service of summons upon the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, a voluntary association, hereinafter referred to as the defendant, and dismissing plaintiff's action.

After the petition was filed, a summons was issued in this action on August 4, 1954, commanding the Sheriff of Oklahoma County to notify the "International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, a voluntary association (serve G. L. Dugger, President of Local Union No. 889 and member of said association) that they have been sued * * *." Within the proper time, the sheriff made his return of said summons showing that he had executed the same by delivering "* * * a true and correct copy of the written summons with all endorsements thereon to G. L. Dugger, as President and member of said Association." The defendant thereupon filed its motion to quash service. At the hearing upon the motion, the defendant introduced a copy of its constitution and rested. The plaintiff then testified generally concerning the union, its size, the manner of paying dues and acquiring supplies, its assistance to the members on strike, its help in negotiating contracts, and also offered in evidence an exhibit containing a report of receipts and expenditures of the defendant for the year 1952. This exhibit was excluded as being too remote. The court thereupon entered its order sustaining the motion and dismissing the action.

Section 182, 12 O.S.1951, provides, in part:

"When any two or more persons associate themselves together and transact business for gain or speculation under a particular appellation, not being incorporated, they may be

sued by such appellation without naming the individuals composing such association and service of process may be had upon such association by personal service as provided by law for services of summons in civil actions, upon any member of such unincorporated association, * * *."

The averments of the defendant's motion were that this defendant does not "transact business for gain or speculation" and that "no officer, agent, employee or member has been served" with summons.

 At common law, a voluntary association, such as this defendant, cannot be sued by its common name, as it does not have legal status apart from that of its individual members. Because of the unjustness of the rule in present day society, it has been modified by statute in many jurisdictions. Our own statute, above noted, was enacted in 1931. Its history in the Legislature, which we may examine as an aid in construction, United States v. Mullendore, 10 Cir., 35 F.2d 78, discloses that as originally introduced it read: "When any two or more persons associate themselves together and transact business under a particular appellation * * *." Upon third reading in the House of Representatives an amendment to the Act was offered which would have excluded from its application labor, fraternal and civic organizations. This amendment was defeated. Thereafter, in the Senate, the Act was amended to add the phrase "for gain or speculation," and this amendment was subsequently adopted by the House of Representatives. The failure of the suggested amendment in the House of Representatives indicates that the Legislative intention was that the statute would apply to all associations that transact business regardless of their original purposes. This is borne out from the use of the conjunctive "and" in the qualification clause rather than the purposeful "for." If the sentence had read "for transacting business" we could assume that "transacting business" would have had to be one of the original purposes of the association before such service of process would be authorized.

But what was meant by the phrase "transacting business"? Other states have considered this problem and are not in uniform agreement. In California, under a statute providing that:

"When two or more persons, associated in any business, transact such business under a common name, * * * the associates may be sued by such common name, the summons in such cases being served on one or more of the associates * * *". West's Ann.Code Civ.Proc.Cal. § 388,

it has been held that both a stock exchange, Jardine v. Superior Court in and for Los Angeles County, 213 Cal. 301, 2 P.2d 756, 757, 79 A.L.R. 291, and a labor union, Deeney v. Hotel & Apartment Clerks' Union, 57 Cal.App.2d Supp. 1023, 134 P.2d 328, qualify as associations engaged in business and may be served with process in the manner provided by the statute. That court pointed out that the term must mean something more than its common description of a commercial enterprise for pecuniary profit if it is to effectively remedy the situation resulting from the application of the cumbersome common-law rule to modern organizations.

 In the case of United Brotherhood of Carpenters and Joiners of America v. McMurtrey, 179 Okl. 575, 66 P.2d 1051, decided in April, 1937, this Court stated that an unincorporated labor union association might be served with process in the manner provided by this statute. The Legislature has been in session many times since that opinion was rendered, and it has not seen fit to change the interpretation placed thereon by this Court. Failure of the Legislature to change the law for a long period of time after judicial construction thereof amounts to Legislative approval and ratification of the construction placed upon the statute by the Court. McCain v. State Election Board, 144 Okl. 85, 289 P. 759.

■ This general discussion brings us now to an examination of this defendant's status. The defendant is an international unincorporated labor union association having local unions in the different localities of this Nation, the members of each local also being members of the larger organization. The local unions are organized under the Constitution of the International and ultimate authority resides in the International. Local unions are only admitted to the larger organization after executing a Charter Contract providing that the Charter and all property, including money, accumulated by the granting of the Charter shall belong to the International upon revocation of the Charter. The local organizations, in addition to their own dues, collect the dues and assessments levied by the International and transmit them to the International. The International assists in the organization of new locals and in collective bargaining with employers. It provides strike benefits when it authorizes strike action by the local. From one local, the International now has four local organizations in this State, one of which has a membership of as many as 550 persons. According to its Constitution, it is compulsory for all local unions to purchase from the International all supplies used by them that are handled by the International with the exception of letter paper and envelopes. According to plaintiff's exhibit 2, the defendant's official publication which contained its financial statement to its membership for the year 1952, this defendant had a net worth of some 27 million dollars. It had receipts for that year of over five million dollars, among which were items of interest on investments and discount on bonds purchased in substantial amounts. Even more pertinent is an item of receipts for supplies it sold which, when compared with disbursements for printing and supplies, shows a profit to the defendant of almost $50,000. We think the trial court erroneously excluded this exhibit. 31 C.J.S., Evidence, §§ 282, 283, pp. 1032, 1033. The exhibit is material as an admission on the issue of whether or not this defendant was doing business for gain or speculation and the statement covered the year during which the plaintiff's alleged cause of action arose.

■ From the foregoing, it is apparent that this defendant is an unincorporated association of two or more persons and that it has transacted business for gain or speculation of a pecuniary nature under the name by which it is known. Bowers v. Grand International Brotherhood of Locomotive Engineers, 187 Minn. 626, 246 N.W. 362.

■■ The trial court found that service was made on a member of the defendant as required by section 182. This fact was not questioned by the defendant until the filing of its brief herein. Inasmuch as the relationship of G. L. Dugger as a member of the defendant was necessary to proper service and the sheriff's return contained this statement of fact, there being no contradiction thereof by the defendant, the rule, that an officer's return of summons, although not conclusive, is prima facie evidence of its truthfulness and requires strong and convincing proof to overcome it, applies. A & A Tool & Supply Co. v. Gray, 192 Okl. 657, 140 P.2d 926.

The judgment of the court is reversed with directions to overrule the motion to quash.

JOHNSON, C. J., and CORN, DAVISON, HALLEY, BLACKBIRD and JACKSON, JJ., concur.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner James H. Nease and approved by Commissioners J. W. Crawford and Jean R. Reed, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.