**PHILLIPS PETROLEUM COMPANY, Union Pacific Resources Company, (formerly Champlin Petroleum Company), TXO Production Corp., Koch Industries, Inc., and Citgo Petroleum Corporation, Appellees/Counter–Appellants,**

v.

**The OKLAHOMA TAX COMMISSION, and Robert E. Anderson, Robert L. Wadley, and Don W. Kilpatrick, Members of the Oklahoma Tax Commission, Appellants/Counter–Appellees.**

No. 79284.

Court of Appeals of Oklahoma, Division No. 3.

June 22, 1993.

As Modified on Limited Grant of Rehearing; Rehearing Otherwise Denied Feb. 1, 1994.

As Modified on Limited Grant of Certiorari May 31, 1994.*

David Hudson, Gen. Counsel, Kathryn Bass, Asst. Gen. Counsel, Oklahoma Tax Com'n, Oklahoma City, for appellants/counter-appellees.

Clyde A. Muchmore, Kelley C. Callahan, Harvey D. Ellis, Crowe & Dunlevy, Oklahoma City, for appellees/counter-appellants.

## OPINION

BAILEY, Presiding Judge:

The Oklahoma Tax Commission (Commission) seeks review of an order of the Trial Court granting partial summary judgment to Phillips Petroleum Company, Union Pacific Resources Company, TXO Production Corporation, Koch Industries, Inc., and Citgo Petroleum Corporation (collectively, Holders) in Holders' declaratory judgment action. In the counter-appeal, Holders seek review of the order of the Trial Court granting partial summary judgment to Commission disposing of all remaining issues.

Holders are oil and gas companies, and in the ordinary course of business retain proceeds otherwise payable to the owners of producing mineral interests for a number of reasons.[1] Commission audited each Holder at different times from 1983 through 1987. At the conclusion of the audits, Commission assessed additional tax on mineral proceeds retained by Holders. In support of the assessment of additional tax, Commission asserted (under Commission's interpretation of the Oklahoma Uniform Disposition of Unclaimed Property Act[2] and Commission rules) that all mineral proceeds held for a particular owner constituted reportable unclaimed property if *any* of the mineral proceeds of the particular owner remained unclaimed for the statutory seven year period (the "current balance" issue), including those mineral proceeds retained pending outcome of litigation affecting entitlement thereto (the "litigation" issue) and/or fulfillment of title requirements (the "title requirements" issue).

Holders protested the assessment of additional tax and interest. However, while the protests stood pending, Holders commenced the present action against Commission in the Trial Court seeking declaratory and injunctive relief. Therein, Holders challenged the validity of Commission's audits and assessment of additional tax/interest, Commission rules relating to reporting of unclaimed property as impermissibly conflicting with the Act, Commission's position relative to the mineral proceeds held in Holders' "miscellaneous suspense accounts," and Commission's procedures governing Holders' protests.

After settlement of the issue of reportability of mineral proceeds held pending "litigation" and other issues, both sides moved for summary judgment. Following hearing thereon, the Trial Court granted partial summary judgment to Holders, determining Commission's position under its rules relative to reportability of the "current balance" and "title requirements" mineral proceeds conflicted with the provisions of the Act. The Trial Court granted partial summary judgment to Commission on the issues of validity of the underlying audits and assessment of interest, and dismissed the remaining issues as not ripe for adjudication. The parties appeal as aforesaid.

Generally, relief under the Declaratory Judgment Act may not be obtained from "orders, judgments, ... decrees," or "decisions" of administrative agencies, boards or commissions of this State.[3] Our legislature has adopted an exception to this general rule, however, recognizing the limited power of the district court to entertain challenges to the validity or applicability of an administrative "rule" in a declaratory judgment action if

---

1. For example, inability to locate the owners for payment, insufficient title information, pendency of probate proceedings or other litigation affecting title, outstanding unpaid liens, unsigned division orders, and the like.

2. 60 O.S.Supp.1982 § 651 et seq., hereinafter the "Act."

3. Section 1657 of Title Twelve, Oklahoma Statutes (1991) provides:
   This act shall not be applicable to orders, judgments, or decrees made by the State Industrial Court, the Corporation Commission, or any other administrative agency, board or commission of the State of Oklahoma.
   *See also, e.g., Walters v. oklahoma Ethics Commission*, 746 P.2d 172 (Okl.1987) (District Court not permitted to review Ethics Commission decision); *Chancellor v. Tenneco Oil Co.*, 653 P.2d 204 (Okl.1982) (District court powerless to construe or declare rights arising under administrative decision of Corporation Commission).

the rule interferes with or impairs the legal rights or privileges of the plaintiff.[4]

After partial settlement in the present case, however, the parties submitted on counter-motions for summary judgment only the issues of (1) validity under the Act of the Commission rules regarding the extent of funds reportable after the lapse of the seven-year abandonment period (the "current balance" and "title requirement" issues), (2) validity of Commission's position regarding funds held in suspense for other reasons, and (3) validity of Commission's audits and assessment of additional tax/interest. The Trial Court ruled thereon as aforesaid, but held the effect of Commission's position on funds held in other miscellaneous suspense accounts not ripe for determination.

■ Under these circumstances, the above cited authorities, and mindful of our duty to inquire *sua sponte* into not only our own jurisdiction but also that of the lower court,[5] we hold that in the absence of a final "order" or "decision" of Commission on Holders' protests, the Trial Court exceeded its authority insofar as the Trial Court adjudicated issues other than those concerning validity of Commission's rules under the Act.[6] To that extent, therefore, the Trial Court's order granting partial summary judgment to Commission on the issues of validity of the underlying audits, validity of Commission's

assessment of interest, and Holders' estoppel/laches defenses thereto should be reversed.[7] However, and insofar as the Trial Court properly entertained Holders' declaratory judgment action challenging the validity of the Commission rules under the Act, we proceed to address the merits of the parties' arguments on appeal.

■ In that vein, Commission first challenges the Trial Court's judgment rejecting Commission's interpretation of the Act to require Holders' report as abandoned *all* mineral proceeds retained if *any* of the proceeds have remained unclaimed for seven years (the "current balance" issue). Commission takes the position under the Act that after the seven-year abandonment period has expired, the holder must report all unclaimed proceeds accrued to date. Holders argue the Act requires reporting of only those proceeds held unclaimed for seven or more years.

The Act presumes that mineral proceeds retained by a holder and unclaimed by the owner for more than seven years after the proceeds become payable or distributable have been abandoned,[8] and as such reportable to Commission as unclaimed property. In 1991, the Oklahoma Legislature rejected an amendment to the Act, which, if adopted, would have codified Commission's "current

---

**4.** Section 306 of Title Seventy-five, Oklahoma Statutes (1991), states, in pertinent part:

The validity or applicability of a rule may be determined in an action for declaratory judgment in the district court . . . if it is alleged the rule, or its threatened application interferes with or impairs, or threatens to interfere with or impair, the legal rights or privileges of the plaintiff.

*See also, Lincoln Bank & Trust v. Oklahoma Tax Commission*, 827 P.2d 1314, 1318 (Okl.1992).

**5.** *Lincoln Bank & Trust v. Oklahoma Tax Commission*, 827 P.2d at 1318.

**6.** *Lincoln Bank & Trust v. Oklahoma Tax Commission*, 827 P.2d at 1318–1319.

**7.** Particularly, paragraphs 4 and 5 of the Trial Court's order on the counter-motions for summary judgment.

**8.** Section 656 of Title Sixty, Oklahoma Statutes (Supp.1982), provides, in part:

All intangible personal property and any income or increment thereon held in a fiduciary capacity for the benefit of another person is presumed abandoned unless the owner has, with seven (7) years after it becomes payable or distributable, increased or decreased the principal, accepted payment of principal or income, corresponded in writing concerning the property or otherwise indicated an interest as evidenced by a memorandum on file with the fiduciary.

Section 658 of the same Title further provides: All intangible personal property, not otherwise covered by the Uniform Disposition of Unclaimed Property Act, including any income or increment thereon and deducting any lawful charges, that is held or owing in this state in the ordinary course of business of the holder and has remained unclaimed by the owner for more than seven (7) years after it became payable or distributable is presumed abandoned; provided, that no travelers' check shall be presumed abandoned until it has been outstanding for fifteen (15) years from its date of issuance.

balance" approach to the mineral proceeds retained by Holders.[9]

■ In interpreting a statute the Courts strive to give effect to that which is expressed, not to add new provisions which the legislature, in the exercise of its function, omitted or withheld.[10] In other words, it is the duty of this Court to give effect to legislative acts and not to expand the plain words of the statute by construction "where the legislature has expressed its intention in the statute as enacted."[11] Thus, just as we may look to subsequent amendments as a factor in ascertaining what the legislature previously intended but indefinitely expressed,[12] we may similarly look to proposed amendments later rejected as a factor in ascertaining legislative intent.[13]

Consequently, and giving effect to the plain wording of the seven year abandonment provision, we find the Trial Court did not err in holding Commission's "current balance" rule invalid as conflicting with the Act for at least three reasons. First, we hold that the clear wording of §§ 656 and 658 of the Act decrees that any mineral proceeds retained for a full seven years or more without contact with or action by the owner evidencing owner's continued interest therein are presumed abandoned. Thus, and to the extent Rule 60.007.02 conflicts with the clear mandate of §§ 656 and 658 of the Act as we construe those sections, the Commission rule is invalid. Second, we deem it significant that even though given the opportunity to ratify Commission's "current balance" approach to retained mineral proceeds, the Legislature nevertheless chose not to·so amend the relevant provisions of the Act.[14] Third, to approve

Commission's "current balance" approach embodied in its rules would mean that where a holder retains some unclaimed mineral proceeds for the statutory seven year period, but some mineral proceeds accrue on the day *before* expiration of the seven year period, the entire "balance" (including those funds held unclaimed for only one day) stands abandoned one day later by operation of law. Such a result in our opinion runs clearly contrary to the express provisions of the Act requiring that mineral proceeds remain unclaimed for a full seven years in order to constitute abandoned, reportable property. We therefore hold the Trial Court properly granted summary judgment to Holders on the "current balance" issue.

Commission also challenges the Trial Court's judgment finding the mineral proceeds retained by Holders pending fulfillment of "title requirements" not subject to the reporting as unclaimed property, notwithstanding retention thereof in excess of the seven year abandonment period. On this issue, Commission Rule 60.007.02(E) provides:

... [M]ineral interest proceeds held in suspense pending title requirements will be considered abandoned seven years after the last correspondence concerning such title or seven years from the first payable date, whichever is later.

Under this rule, Commission takes the position that title to oil and gas passes to the gathering system at the moment the product passes into the system's pipeline or truck, and consequently, mineral proceeds become payable or distributable upon extraction and

**9.** Proposed H.B. No. 1538, § 16, as passed from the House Judiciary Committee, contained a subsection (c) to § 658.1 of the Act, providing:
At the time any owner's underlying right to receive mineral proceeds is presumed abandoned under this section, any mineral proceeds then held for or owning to the owner as a result of the underlying right and any mineral proceeds accruing after that time as a result of the underlying right and not previously presumed abandoned are presumed abandoned.

**10.** *E.C. Schroeder Co. v. Clifton,* 153 F.2d 385 (10th Cir.1946).

**11.** *Toxic Waste Impact Group, Inc. v. Leavitt,* 755 P.2d 626 (Okl.1988).

**12.** *See, e.g., Hollytex Carpet Mills v. Hinkle,* 819 P.2d 289 (Okl.App.1991).

**13.** *Couch v. Int'l. Brotherhood of Teamsters,* 302 P.2d 117, 119 (Okl.1956) (rejection of language of amendment indicative of legislative intent). *See also,* 2A Sands, *Sutherland on Statutory Construction,* § 48.18.

**14.** *Couch,* 302 P.2d at 119.

sale of the minerals.[15] Holders argue mineral proceeds retained pending fulfillment of title requirements are not payable or distributable no matter how long held.

Sections 656 and 658 of the Act, at pertinent times hereto, presumed abandoned those funds held for the owner for seven years after the funds became "payable or distributable."[16] Section 656 excepted from the presumption of abandonment those mineral proceeds of an owner who had "increased or decreased the principal or income, corresponded in writing concerning the property, or otherwise indicated an interest as evidenced by a memorandum on file with the fiduciary."[17] In 1991, the legislature amended § 658, adding the following language:

> Property is payable or distributable *for the purposes of this act* notwithstanding the owner's failure to demand the property or to present an instrument or document required to receive payment of the property.

(Emphasis added).[18]

■ Where the legislature amends a statute by change of phraseology from that of the original enactment, a presumption arises that the legislature intended a change of meaning to attach.[19] However, "[t]he intention of the legislature may be either to effect a change in existing law or to clarify that which was previously doubtful, and in determining the purpose intended in a particular case, the courts may properly consider whether the statute before amendment, was clear or ambiguous."[20]

■ Further, administrative interpretation of a statute is entitled to great weight, so where the legislature reenacts a statute without substantial changes, it is persuasive—though not dispositive—of legislative recognition and approval of the administrative construction placed upon a statute.[21] We find the corollary also true: i.e., if the legislature enacts an amendment which specifically incorporates the administrative construction previously placed on that statute, this is persuasive of legislative recognition and approval of the administrative construction placed on that statute.

■ In the present case, Commission interpreted the statutes in question as requiring Holders to report as abandoned mineral proceeds held in suspense pending title requirements after seven years, but excepting proceeds subject to litigation and those about which owners had contacted Holders. The 1991 amendment defining "payable or distributable" essentially codified Commission's interpretation. Under these facts and circumstances, we hold the Trial Court erred in finding Commission's rule regarding funds suspended for title requirements invalid.

■ Holders in their counter-appeal contend the Commission rules challenged in the present case and other Commission rules in place impact funds held in the "miscellaneous suspense" categories, and thus, Holders argue, the Trial Court erred in finding the "miscellaneous" issues not ripe for adjudication.[22] However, we disagree with Holders' argument. That is to say, and at least as to

---

15. See, Boswell v. Citronelle–Mobile Gathering, Inc., 292 Ala. 344, 294 So.2d 428 (1974) (Rejecting holder's argument that mineral proceeds held pending resolution of title controversy represent mere debt owed to rightful owner of mineral interest so that debt does not become "payable" until title to mineral interest in question is established.)

16. See, footnote 9, supra.

17. See, footnote 9, supra.

18. 60 O.S.1991 § 658.

19. Irwin v. Irwin, 433 P.2d 931, 934 (Okl.1965) ("[A] change in phraseology from that of the original act will raise the presumption that a change of meaning was also intended.")

20. Board of Education, Vici Public Schools, Independent School Dist. No. I–5, Dewey County v. Morris, 656 P.2d 258, 261 (Okl.1982); Magnolia Pipe Line Co. v. Okla. Tax Comm., 196 Okl. 633, 167 P.2d 884 (1946).

21. Lincoln Bank & Trust Co. v. Exchange Nat'l. Bank & Trust Co., Ardmore, 383 F.2d 694 (10th Cir.1967).

22. In support of this argument, Holders point to the mineral proceeds retained due to lien claims filed or other "miscellaneous" reasons, asserting such proceeds must be retained "pending resolution of [any] dispute" and/or determination of the name or location of the owner.

those mineral proceeds retained pending "lien claims," it appears funds held for that reason may in fact fall within the parties' settlement of the "litigation" issue, but the parties did not tender that issue to the Trial Court for resolution, and thus, application of the parties' settlement stands beyond the scope of this review proceeding. Moreover, and as to mineral proceeds held for other "miscellaneous" reasons, until the Commission makes a factual determination of applicability of the challenged Commission rules (as we and the Trial Court construed the rules) and the Commission rules in place to mineral proceeds so held, any decision the Trial Court may have rendered would have been premature. We therefore hold the Trial Court did not err in refusing to rule on the "miscellaneous" issues, and reject this allegation of error.

The order of the Trial Court granting partial summary judgment to Holders and finding Commission's "current balance" rule invalid is AFFIRMED. The order of the Trial Court finding the issue of disposition of funds retained in the "miscellaneous" categories not ripe for review is AFFIRMED. The order of the Trial Court granting partial summary judgment to Holders finding Commission's "title requirements" rule invalid is REVERSED. The order of the Trial Court granting partial summary judgment to Commission on the issues of validity of the underlying audits, validity of Commission's assessment of interest, and Holders' estoppel/laches defenses thereto is REVERSED.

HANSEN, C.J., and HUNTER, J., concur.