OSCN Found Document:IN THE MATTER OF THE DEATH OF TAYLOR

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 IN THE MATTER OF THE DEATH OF TAYLOR
2015 OK CIV APP 11
Case Number: 112225
Decided: 09/26/2014
Mandate Issued: 01/30/2015
DIVISION II
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION II
Cite as: 2015 OK CIV APP 11, __ P.3d __

 

IN THE MATTER OF THE DEATH OF JAMES EDWARD TAYLOR, Deceased.

CAROL ANN TAYLOR, Petitioner,
v.
DAVIS PIPE TESTING, COMPANION PROPERTY & CASUALTY INSURANCE COMPANY &/or DALLAS NATIONAL INSURANCE COMPANY (fka DALLAS FIRE) and THE WORKERS' COMPENSATION COURT, Respondents.



PROCEEDING TO REVIEW AN ORDER OF A THREE-JUDGE PANEL OF THE WORKERS' COMPENSATION COURT

HONORABLE OWEN T. EVANS, TRIAL JUDGE



SUSTAINED



Jim Lloyd, LLOYD & LLOYD, Sand Springs, Oklahoma, for Petitioner
Jeffrey D. Black, BONHAM & HOWARD, Oklahoma City, Oklahoma, for Respondents




JOHN F. FISCHER, PRESIDING JUDGE:


¶1 Claimant Carol Ann Taylor seeks review of an order of a three-judge panel of the Workers' Compensation Court[1], which affirmed the trial court's finding that her two minor children, stepsons of James Edward Taylor (Decedent), were not entitled to death benefits. The panel agreed with the trial court's finding that Taylor did not meet her burden of proving Decedent's stepsons were actually dependent on him, as required for an award of weekly income benefits pursuant to the Oklahoma Workers' Compensation Code. Based on our review of the parties' briefs, the record on appeal and applicable law, we sustain the panel's order.[2]

BACKGROUND

¶2 Decedent died as a result of a single-vehicle rollover accident on February 25, 2012, while working for Employer Davis Pipe Testing. Carol Ann Taylor, as Decedent's surviving spouse, filed a Form 3A on July 23, 2012, seeking death benefits. Taylor identified herself and Decedent's natural daughter, EFT as heirs at law pursuant to 58 O.S.2011 § 240. Taylor identified her two children, CSB and JRC, non-adopted stepchildren of Decedent, as dependents. On March 29, 2013, the trial court entered an order awarding surviving spouse death benefits to Taylor in the amount of $100,000, to be paid in a lump sum as per 85 O.S.2011 § 337(G). The trial court's order also provided that Employer was liable for funeral expenses and awarded Taylor's counsel a lump sum attorney fee in the amount of $20,000. All other issues were reserved for future hearing.

¶3 On June 12, 2013, a hearing was held on the issue of weekly income benefits requested by Taylor on behalf of herself and her two sons pursuant to section 337(A). Also before the trial court was the issue of death benefits requested by Decedent's mother and daughter. Employer stipulated that Decedent's daughter was entitled to an award of weekly income benefits, but denied that Taylor, her children and Decedent's mother were entitled to those benefits.

¶4 Taylor testified that she and Decedent had lived together since 2005. At that time, Decedent was still married to EFT's mother. The decree of divorce for that marriage was entered in 2006. Taylor and Decedent formally married in March 2009. Their checking account was opened in her name only, because Decedent was "fighting" with his ex-wife. Taylor testified that she and Decedent filed joint tax returns as a married couple for the tax years 2006-2009, and listed her sons as dependents. During that period, Taylor did not have full-time employment outside the home. She obtained temporary employment "especially if it was around Christmas time" and worked from home as a subcontractor to a collection agency earning "$50.00 here, $50.00 there." Although Taylor had obtained a paralegal degree in 2008, she did not seek full-time employment due to the cost of child care.

¶5 Sometime near the end of January 2011, Taylor and Decedent decided to separate. Decedent did not actually move out of the marital home until March 5, 2011, at which time he began residing with his mother and daughter. According to Taylor:



Everything was completely amicable. We were going to split up, and he was going to pay me $200.00 a week for me to support everybody and keep the house up and everything, and we split all of our marital property.



However, Taylor stated that Decedent never made any payments to her as he had agreed. Taylor obtained a job as a grocery store cashier and received some assistance from her church. She filed a petition for divorce on June 15, 2011.

¶6 Decedent filed his 2011 federal income tax return as head of household and listed his daughter as his only dependent. At the time of his death, the divorce action was still pending.[3]

 

¶7 Taylor testified that both of her sons considered Decedent to be their father. Her older son, who was sixteen at the time of trial, had not seen or received support from his biological father for eleven years. Taylor testified that she received $65 per week in child support for her younger son, aged 13. Her testimony did not address how much she was earning at the time of Decedent's death.

¶8 The trial court awarded Taylor, as surviving spouse,[4] weekly income benefits in the amount $514.50, of which 68.57 weeks had accrued and were payable in a lump sum $35,279.27. The trial court awarded Decedent's daughter, EFT, surviving child benefits in the lump sum of $25,000, and weekly income benefits in the amount of $110.25 pursuant to section 337(A)(2). The trial court awarded Decedent's mother the lump sum of $5,000 pursuant to section 337(E), based on its determination that she had suffered pecuniary loss as a result of her son's death. The trial court, however, denied benefits for Taylor's sons, finding, in pertinent part:



THAT claimant did not prove that deceased's stepchildren (claimant's biological children) were dependent upon the deceased. Claimant and the deceased's stepchildren [CSB and JRC] had lived apart from claimant [sic], without any financial support from him, for approximately one year before deceased's demise. Per the teachings of the Supreme Court, In the Matter of the Death of Bryan, 2003 OK 70, 76 P.3d 653, the court finds that the stepchildren were not dependent upon the deceased and they are not entitled to death benefits based on the evidence presented.



¶9 Taylor appealed to a three-judge panel, asserting the trial court erred in denying weekly income benefits to her sons and in denying her counsel an additional attorney fee based on his success in recovering weekly income benefits for her. Decedent's mother and daughter appealed, claiming that their awards should have included, but omitted, an award of fees to their attorney. Following a hearing, the panel modified the trial court's order to include that particular attorney fee, but determined that the remainder of the trial court's order should remain in full force and effect. Taylor now seeks review in this Court.

STANDARD OF REVIEW

¶10 "The standard of review applicable to a workers' compensation appeal is that which is in effect when the claim accrues." Williams Cos., Inc. v. Dunkelgod, 2012 OK 96, ¶ 18, 295 P.3d 1107, 1113. Decedent died on February 25, 2012, and therefore 85 O.S.2011 § 340(D) dictates this Court's standard of review. See Cattlemen's Steakhouse, Inc. v. Waldenville, 2013 OK 95, ¶ 7, 318 P.3d 1105, 1108. In relevant part, the statute provides that the appellate court may "modify, reverse, remand for rehearing, or set aside the order or award upon any of the following grounds:"



1. The Court acted without or in excess of its powers;
2. The order or award was contrary to law;
3. The order or award was procured by fraud; or
4. The order or award was against the clear weight against of the evidence.



"Questions of law are reviewed by a de novo standard under which this Court has plenary, non-deferential and independent authority to determine whether lower courts have erred in their legal rulings." Graham Pub. Schs. v. Priddy, 2014 OK 30, ¶ 8, 328 P.3d 1190, 1192 (citing Patterson v. Sue Estell Trucking Co., 2004 OK 66, ¶ 5, 95 P.3d 1087, 1088). In determining whether the order or award is against the clear weight of the evidence, we "must show the same deference to the weighing of the evidence by the workers' compensation court as the appellate court would show to a court deciding a case of equitable cognizance." Peoplelink, LLC v. Bear, 2014 OK 65, ¶ 10, ___ P.3d ___.

ANALYSIS

¶11 In her brief in chief, Taylor states that "[t]here are no factual disputes appealed from." The trial court specifically found, and the panel affirmed the finding that Taylor and her sons "had lived apart from [decedent], without any financial support from him, for approximately one year before [his] demise." However, Taylor argues that "stepchildren should not be denied death benefits where stepdad abandons them and leaves the marital home" and her sons should "step into the shoes of their Mom" for the purpose of workers' compensation death benefits. Taylor requests that this Court vacate the Workers' Compensation Court's order and award death benefits to her sons "based upon the unique relationship the two children enjoyed with Decedent." We are not persuaded by Taylor's arguments, which contravene the clear language of the applicable provisions of the Workers' Compensation Code.

¶12 Title 85 O.S.2011 § 315 provides: "Benefits for death shall be determined by the law in effect at the time of death." Pursuant to the law in effect at the time of Decedent's death, his stepchildren were entitled to weekly income benefits only on proof of actual dependency. Title 85 O.S.2011 § 337(A) is entitled "Beneficiaries in case of death," and provides in pertinent part:



A. If an injury or occupational disease causes death, weekly income benefits shall be payable in the amount and for the benefit of the persons following, subject to the maximum limits specified hereafter:

1. If there is a surviving spouse, to such surviving spouse who shall remain unmarried, seventy percent (70%) of the average weekly wages the deceased was earning. In no event shall this spousal weekly income benefit be diminished by the award to other beneficiaries. In addition to the benefits theretofore paid or due, two (2) years' indemnity benefit in one lump sum shall be payable to a surviving spouse upon remarriage;

2. If there is a surviving spouse and a child or children, fifteen percent (15%) of the average weekly wages the deceased was earning for each child. Where there are more than two such children, the income benefits payable for the benefit of all children shall be divided among all children, to share and share alike, subject to the maximum limits in subsection D of this section . . . .



85 O.S.2011 § 337(A)(1) and (2). Definitions for terms used in the death benefits provisions of section 337 are found in section 308 of the Workers' Compensation Code:



As used in the Workers' Compensation Code:

1. "Actually dependent" means a surviving spouse, a child, or any other person who receives one-half (1/2) or more of his or her support from the employee;

. . . .

8. "Child" means a natural or adopted son or daughter of the employee under eighteen (18) years of age; or a natural or adopted son or daughter of an employee eighteen (18) years of age or over who is physically or mentally incapable of self-support; or any natural or adopted son or daughter of an employee eighteen (18) years of age or over who is actually dependent; or any natural or adopted son or daughter of an employee between eighteen (18) and twenty-three (23) years of age who is enrolled as a full-time student in any accredited educational institution. The term "child" includes a posthumous child, a child legally adopted or one for whom adoption proceedings are pending at the time of death, an actually dependent stepchild or an actually dependent acknowledged child born out of wedlock;



85 O.S.2011 §§ 308(1) and (8) (emphasis added). The burden of showing entitlement to death benefits rests on the claimant. In re Bryan, 2003 OK 70, ¶ 19, 76 P.3d 653, 659.

¶13 The parties in this case rely, as did the trial court, on Bryan in support of their positions. Taylor focuses on this passage from Bryan:



The spouse, who was legally married to the employee at the time of the employee's death, was only required to show that she met the statutory definition of a surviving spouse and that the stepchildren were dependent on the employee -- she was not required to show that she or the stepchildren received one-half or more of their support from the employee.



Id. ¶ 17, 76 P.3d at 658 (footnote omitted). In Bryan, the Oklahoma Supreme Court explained that "although recovery for stepchildren is based upon dependency, a showing that the child received one-half or more of their support from the employee is . . . not required under the current statutory scheme." Id. ¶ 19, 76 P.3d at 659. And, because there was evidence that the deceased employee's legal wife and two stepchildren had "relied on the employee for support at the time of his death," id. ¶ 18, 76 P.3d at 658, the Supreme Court held that the trial court did not err in its determination that the stepchildren were entitled to workers' compensation benefits. In Bryan, the injured employee died on November 12, 2001. The employee and his wife not only were separated at that time, but also the wife had secured a permanent protective order against him almost two years earlier. However, the employee in Bryan had continued to support his wife and her children during the period of separation by giving her weekly cash, and wife "relied on the employee for support for her and the stepchildren at the time of the employee's death." Id. ¶ 19, 76 P.3d at 659. Because of those facts, the Supreme Court held that the trial court had not "erred in its determination that the employee's surviving spouse and the stepchildren are entitled to workers' compensation death benefits." Id.

¶14 The Supreme Court's holding in Bryan was controlled by and made pursuant to specific language of the Workers' Compensation Act found in 85 O.S.2001 §§ 3.1 and 22, in effect at the time of the employee's death. In the "General Provisions" of the 2001 statutory scheme, "Definitions" were found in 85 O.S.2001 § 3, and "Definitions applicable to death benefits" were set forth separately in section 3.1. "Actually dependent" was defined in section 3.1 as follows:



A. In respect to death benefits under the Workers' Compensation Act, the following definitions shall apply:

(1) "Actually dependent" means:

a. a surviving spouse as defined in this section;
b. a child as defined in this section; or
c. any other person dependent in fact upon the employee and refers only to a person who receives one-half (1/2) or more of his support from the employee;



The definition of "child" included "an actually dependent stepchild." 85 O.S.2001 § 3.1(A)(3). And, there was an additional provision in the definitions applicable to death benefits:



All questions of relationship and dependency shall be determined as of the time of injury for purposes of income benefits for injury, and as of the time of death for purposes of income benefits for death.



85 O.S.2001 § 3.1(B). This language became part of the Workers' Compensation Act in 1977.

¶15 Taylor points out that in Bryan, the Court stated that workers' compensation death benefit provisions "are given a broad and liberal construction in determining the question of dependency." Bryan, 2003 OK 70, ¶ 19, 76 P.3d at 659. She argues that because her sons had been "actually dependent" on Decedent for several years, they should not be deprived of death benefits because Decedent chose to abandon the family and desert them. Employer, on the other hand, appears to equate "time of death" with "date of death" for purposes of determining dependency.

¶16 Neither party cites to the case, but in Falcon Drilling Co. v. Thompson, 1981 OK 108, 634 P.2d 723, the Supreme Court answered the question: "What did the legislature mean by the phrase 'as of the time of death' in § 3.1B?"



In our view, it would be absurd to interpret the phrase "as of the time of death" in § 3.1B to include only those particular circumstances which are in existence during any one day, i.e. the date of death.

. . . .

We find that it would be a reasonable interpretation of the language in § 3.1B that the determination of dependency should include those facts and figures from the one-year time frame which precedes the date of the employee's death. We also analogize from the federal Internal Revenue Code § 152(c) and (e) and Treasury Regulation § 1.152-1 thereunder which define "dependent" with respect to personal exemptions and set guidelines for determining the amount of support a taxpayer is required to contribute to a person being claimed as a dependent. The time frame used by the Internal Revenue Service is a calendar year.



Id. ¶¶ 10, 12, 634 P.2d at 726-27. Section 3.1 was repealed, effective August 26, 2011, with the enactment of the Workers' Compensation Code, which unlike the former Workers' Compensation Act, contains neither a separate set of definitions applicable to death benefits nor the language of section 3.1(B). Nevertheless, the fundamental purpose of weekly income death benefits remains unchanged after the enactment of the Code, and we ascertain no legislative intent in 85 O.S.2011 §§ 308 and 337, to abrogate the judicial interpretation of dependency pronounced in Falcon Drilling. See Couch v. Int'l Bhd. of Teamsters, 1956 OK 239, ¶ 6, 302 P.2d 117, 119 ("Failure of the Legislature to change the law for a long period of time after judicial construction thereof amounts to Legislative approval and ratification of the construction placed upon the statute by the Court.").

¶17 To apply the dependency test in Falcon Drilling, we must examine the "facts and figures from the one-year time frame which precedes the date of the employee's death." Falcon Drilling, 1981 OK 108, ¶ 12, 634 P.2d at 728. Examination of Taylor's testimony and the pleadings filed with her petition for divorce (admitted as Respondent's Exhibit 4), reveal that Decedent had stopped providing support for the household prior to February 11, 2011, which is the date that Taylor alleged that the support was "in arrears." Because that date falls outside of the one-year time frame for determining dependency, Decedent's stepsons are not entitled to an award of weekly income death benefits pursuant to 85 O.S.2011 § 337.

CONCLUSION

¶18 The finding that Decedent's stepchildren, CSB and JRC, were not entitled to weekly income benefits is not contrary to law or against the clear weight of the evidence. Finding no error in the denial of death benefits to stepchildren, we sustain the order of the Workers' Compensation Court.


¶19 SUSTAINED.



RAPP, J., and THORNBRUGH, J., concur.



FOOTNOTES


[1] As of February 1, 2014, the Workers' Compensation Court has been renamed the Workers' Compensation Court of Existing Claims. 85A O.S. Supp. 2013 § 400(A).



[2] Employer filed a motion seeking leave to respond to Taylor's reply brief. The Supreme Court deferred ruling on the motion to the decisional stage of this appeal. Employer's motion is denied.



[3] The court file in the divorce case was admitted without objection as one of Employer's trial exhibits.



[4] Pursuant to the applicable law: "Surviving spouse" means the employee's spouse by reason of a legal marriage recognized by any state or nation or by common law, under the requirements of a common law marriage in this state, as determined by the Workers' Compensation Court. 85 O.S.2011 § 308(46).









 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 1956 OK 239, 302 P.2d 117, COUCH v. INTERNATIONAL BHD. OF TEAMSTERS, ETC.
Discussed
 2003 OK 70, 76 P.3d 653, IN THE MATTER OF THE DEATH OF BRYAN
Discussed at Length
 2004 OK 66, 95 P.3d 1087, PATTERSON v. SUE ESTELL TRUCKING CO.
Discussed
 2012 OK 96, 295 P.3d 1107, WILLIAMS COMPANIES, INC. v. DUNKELGOD
Discussed
 2013 OK 95, 318 P.3d 1105, CATTLEMEN'S STEAKHOUSE, INC. v. WALDENVILLE
Discussed
 2014 OK 30, 328 P.3d 1190, GRAHAM PUBLIC SCHOOLS v. PRIDDY
Discussed
 2014 OK 65, PEOPLELINK, LLC. v. BEAR
Cited
 1981 OK 108, 634 P.2d 723, Falcon Drilling Co. v. Thompson
Discussed at Length
Title 58. Probate Procedure
 Cite
Name
Level

 58 O.S. 240, Determination of Heirs, Devisees and Legatees under Certain Circumstances
Cited
Title 85. Workers' Compensation
 Cite
Name
Level

 85 O.S. 308, Definitions
Discussed at Length
 85 O.S. 315, Repealed by Laws 2013, SB 1062, c. 208, § 171, eff. February 1, 2014
Cited
 85 O.S. 337, Repealed by Laws 2013, SB 1062, c. 208, § 171, eff. February 1, 2014
Discussed at Length
 85 O.S. 340, Repealed by Laws 2013, SB 1062, c. 208, § 171, eff. February 1, 2014
Cited
 85 O.S. 3, Repealed by Laws 2011, SB 878, c. 318, § 87
Cited
 85 O.S. 3.1, Repealed by Laws 2011, SB 878, c. 318, § 87
Discussed at Length
Title 85A. Workers' Compensation
 Cite
Name
Level

 85A O.S. 400, Dissolution of the Workers' Compensation Court
Cited