2010 OK CIV APP 146

Miguel RAMIREZ, Plaintiff/Appellee,

v.

DALLAS COUNTY HOSPITAL DISTRICT d/b/a Parkland Health & Hospital System, Defendant/Appellant,

and

Juan R. Lopez, Bryan County EMS, Air Evac, and Medical Center of S.E. Oklahoma, Defendants.

No. 108,322.

Court of Civil Appeals of Oklahoma, Division No. 2.

Nov. 5, 2010.

J. Russ DeVore, Turek DeVore, PC, The Woodlands, TX, for Defendant/Appellant.

JANE P. WISEMAN, Chief Judge.

¶ 1 Dallas County Hospital District d/b/a Parkland Health & Hospital System (Parkland) appeals from the March 26, 2010, order of the trial court granting judgment on Plaintiff Miguel R. Ramirez's motion to extinguish liens and apportion settlement funds. This appeal proceeds pursuant to Supreme Court Rule 1.36(a), 12 O.S. Supp.2009, ch. 15, app. 1, and is reviewed without appellate briefing.[1] Based on our *de novo* review of the record and pertinent law, we reverse a portion of the distribution of settlement funds and remand for further proceedings consistent with this opinion.

---

1. Appellee neither filed a response to the petition in error nor submitted any record for our review.

Thus, the appeal stands submitted on Appellant's filings only.

## FACTS

¶ 2 In September 2007, Ramirez was injured in Bryan County, Oklahoma, when he was struck by a car driven by Juan Lopez. As a result of the accident, Ramirez incurred medical expenses totaling $35,559.65. Ramirez sued Lopez in the District Court of Bryan County and eventually settled with Lopez's insurance company, Farmers Insurance Group, for the policy limits of $25,000. After deductions for attorney fees and costs, the amount remaining from the settlement was $14,649.89, far less than the total of Ramirez's medical expenses.

¶ 3 Ramirez filed an amended petition asking the trial court for assistance in allocating the funds among the various medical providers.[2] According to his amended petition, the medical providers and their bills were as follows:

| | |
|---|---|
| Bryan County EMS | $ 1,035.10 |
| Parkland Health and Hospital System | 17,309.72 |
| Air Evac | 16,115.54 |
| Medical Center of S.E. Oklahoma | 999.29 |

¶ 4 There was no response from Bryan County EMS. MCSEO answered the petition and provided an itemized list of charges. Air Evac also responded and attached to its answer a copy of its Notice of Medical Lien, filed pursuant to 42 O.S.2001 § 49. Parkland also filed an Answer, claiming the settlement proceeds pursuant to its hospital lien filed in Dallas County, Texas, in accordance with Texas law.

¶ 5 Ramirez then filed a motion to extinguish liens, determine subrogation interests and apportion settlement proceeds.[3] Parkland opposed the motion; there was no response from the three other medical providers.

¶ 6 After a hearing on February 16, 2010, in which Ramirez and Parkland were the only parties to appear, the trial order apportioned the balance of the settlement proceeds as follows:

| | |
|---|---|
| Bryan County EMS | $ 439.50 |
| Parkland Health and Hospital System | 7,031.95 |
| Air Evac | 6,738.94 |
| Medical Center of S.E. Oklahoma | 439.50 |

Distribution to the medical providers equalled the total of the remaining settlement funds.

¶ 7 Parkland disputes the trial court's distribution, contending the trial court should not have awarded a *pro rata* share of the settlement proceeds to the other medical providers because Parkland was the only provider to file a response in opposition to Ramirez's motion and to appear at the February 16th hearing.

## STANDARD OF REVIEW

¶ 8 The facts in this case are not in dispute; the legal issue before us is whether the trial court properly distributed settlement funds among the various medical providers pursuant to Oklahoma's lien statutes. Questions of law are reviewed *de novo.* *Broadway Clinic v. Liberty Mut. Ins. Co.*, 2006 OK 29, ¶ 6, 139 P.3d 873, 876. When reviewing the trial court's legal rulings *de novo,* an appellate court exercises plenary and independent authority without deference to the trial court's decision. *Id.*

## ANALYSIS

¶ 9 Parkland's sole contention on appeal is that the trial court "erred in awarding settlement proceeds to medical providers that had not asserted claims, nor made an appearance and/or had not filed an opposition to Plaintiff's Motion to Extinguish liens.... Therefore, all other interpleader defendants (medical providers) should be barred from recovery." Parkland asserts that instead of *pro rata* distribution, Parkland should be awarded the full amount of the remaining settlement proceeds, $14,649.89.

¶ 10 In the trial court proceedings, the parties disagreed over whether the remaining settlement funds were exempt from liens

2. Ramirez's petition appears to be in the nature of an interpleader, although it is not styled as such, and there is nothing in the record to indicate whether the funds were actually paid into court.

3. Ramirez's request to extinguish liens was not addressed by the trial court (as far as the limited record provided on appeal shows) nor posited as error on appeal. Our opinion, therefore, is limited to the issue of settlement proceeds apportionment only.

altogether pursuant to *Equity Fire and Casualty Co. v. Youngblood,* 1996 OK 123, 927 P.2d 572 (the "make whole" rule). Parkland, in arguing against the application of the "make whole" rule, urged the trial court to apply Texas law to its Texas-filed lien. We note the choice of law issue was not addressed in the trial court's order, nor was it proposed as error on appeal, presumably because no remaining funds were distributed to Ramirez. On the narrow issue before us today, as to which of the medical providers were properly apportioned the settlement proceeds, we apply Oklahoma law.

¶ 11 According to the record, two of the four medical providers are hospitals (MCSEO and Parkland), and two are ambulance service providers (Bryan County EMS and Air Evac). Hospital liens in personal injury cases are controlled by 42 O.S.2001 & Supp.2009 §§ 43–44. Section 43 states, in relevant part:

> Every hospital in the State of Oklahoma, which shall furnish emergency medical or other service to any patient injured by reason of an accident ... shall, if such injured party shall assert or maintain a claim against another for damages on account of such injuries, have a lien upon that part going or belonging to such patient of any recovery or sum had or collected....

42 O.S.2001 § 43.[4] Section 44 requires that, before any such lien is effective, that written notice "shall be filed in the office of the county clerk of the county in which such hospital is located ... prior to the payment of any monies to such injured person" with copies of such notice sent to any party alleged to be liable, the insurer, if any, the patient, and any attorney for the patient. 42 O.S.2001 § 44(A).

¶ 12 Ambulance service provider liens are addressed in 42 O.S.2001 § 49, with relevant language regarding whom the lien may be asserted against and the filing requirements therein essentially identical to that of a hos-

pital lien. Thus, before a hospital or ambulance service provider is eligible to attach the recovery of any funds collected by the injured party, it must file a lien notice in accordance with the dictates of §§ 43–44 or § 49.[5]

¶ 13 In the record before us, there is no evidence that either MCSEO or Bryan County EMS filed a lien notice in accordance with their respective lien provisions. As a result, neither of these medical providers has established an effective lien against Ramirez's settlement proceeds, and neither should have received a share of those funds. On this point we agree with Parkland's assertion of error. Parkland contends, however, that it should receive the full amount of the remaining proceeds because no other medical provider asserted claims, made an appearance, or filed a response in opposition to Ramirez's motion.

¶ 14 Our review of the record reveals that in addition to Parkland, Air Evac also filed a lien notice and submitted a copy of the notice of its medical lien to the court in its answer to Ramirez's amended petition. Parkland did not contest the validity of Air Evac's lien in the trial court, nor does it on appeal; rather, it suggests Air Evac's lien notice is insufficient because it did not otherwise answer Ramirez's motion or appear at the trial court hearing. We disagree.

¶ 15 There is no provision in the applicable lien statutes that requires Air Evac to do more than properly establish its lien and then bring notice of its lien to the court's attention. If a medical provider has properly established its lien and notified the court of its lien claim, the trial court is well within its authority to find that the settlement proceeds are subject to the lien and to approve the provider's claim, whether the provider takes further action or not. Air Evac is entitled to enforce its lien against the settlement proceeds, and the trial court correctly

---

**4.** Title 42 O.S.2001 § 43 was amended effective November 1, 2008. However, the substantive provisions relevant to this case remain the same.

**5.** We note the dictates of the Texas Property Code under which Parkland filed its hospital lien

are substantially similar to Oklahoma's hospital lien statute and that Parkland correctly filed its lien where "such hospital is located." *See generally,* Hospital and Emergency Medical Liens, Tex. Prop.Code Ann. §§ 55.001–55.008.

found that Air Evac is entitled to a portion of those proceeds.

¶ 16 On appeal, Parkland cites *Johnson v. Stoval,* 1914 OK 650, 144 P. 1057, suggesting that Air Evac did not respond or appear at the hearing because it was no longer asserting any interest in the proceeds. Unlike defendant Stoval who did not appear, respond, contest, or claim any interest in the oil company stock garnished by the successful plaintiff Johnson, Air Evac did respond and assert its claim to a portion of the settlement proceeds based on its lien and asked the trial court to take its "outstanding charges into consideration in the decision in this case." We do not find *Johnson* persuasive on these facts. Likewise, we find Parkland's citation to *Prudential Insurance Co. of America v. Glass,* 1998 OK 52, 959 P.2d 586, fails to support its proposition of error on appeal that Air Evac should be barred from recovery.

## CONCLUSION

¶ 17 Two of the four medical providers listed in Ramirez's amended petition—Parkland and Air Evac—have effective liens against the proceeds resulting from the settlement of Ramirez's personal injury case and are entitled to a portion of the proceeds. The other two medical providers—Bryan County EMS and MCSEO—have not established effective liens and are not entitled to share in the proceeds. The portion of the trial court's order awarding settlement proceeds to Bryan County EMS and MCSEO is reversed, and we remand to the trial court to recalculate a proper distribution of the settlement proceeds between Parkland and Air Evac in a manner consistent with this opinion.

¶ 18 **REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.**

FISCHER, P.J., and BARNES, J., concur.